## STATE OF FLORIDA v SMITH
## Case No. 86-121 AC (County Court Case No. 82044, 5BD)
Eleventh Judicial Circuit, Appellate Division, Dade County
April 16, 1987

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Michael J. Neiman,** Assistant Attorney General, for appellant.

**Harry W. Prebish** for appellee.

Before MASTOS, FULLER, KORNBLUM, JJ.

### OPINION OF THE COURT

PER CURIAM.

The trial court suppressed blood alcohol test results because the

chemist analyzing the breath sample did not note in his log the number imprinted by the crimper on the indium template.

Department of Health and Rehabilitative Services Rule 10D-42.24 required the number of the test kit or ampule to be recorded in the log. The State contends that the rule is not applicable to an indium template because the number stamped on the template is the same on all templates crimped in the same crimper box. It is obvious, therefore, that the number stamped on the indium template could not be used to identify the sample with the accused.

The appellee argues that the logging of the crimper number is required so that any suspected malfunction can be traced back to the crimper that produced the sample. It is clear, however, that such tracing can just as easily be accomplished by reference to the DUI case file.

The purpose of the rule is not clear but considering the other information required to be kept in the log it seems that the requirement that the test kit number or ampule number be entered is for the purpose of identifying the sample.

Perhaps some number should be assigned to the test samples produced by the indium crimper for each sample which would allow identification of each sample with the accused in each case. This may be later addressed by the HRS or perhaps by the Legislature.

At present, in connection with analysis of breath samples collected by using the indium crimper, the recording of the crimper number in the log serves no purpose and should not be required.

There was substantial compliance with HRS rules with regard to the log required to be kept.

Reversed and remanded.